**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

United States of America,

       **Plaintiff,**

v.                                   **Case No. 15-20042-04-JWL**

Nicholas L. Thomas,

       **Defendant.**

**<u>MEMORANDUM AND ORDER</u>**

Defendant filed a pro se motion for a sentence correction pursuant to U.S.S.G. § 5K2.23 and a request for counsel.  The government then moved for an extension of time to respond to the motion.  The court granted that motion and granted a similar extension for defendant's reply brief.  The motion for a sentence reduction and the related request for counsel remain pending.

Defendant has now filed a motion setting forth various concerns and seeking clarification about the state of this case (doc. 282) which the Clerk of the Court has appropriately docketed as a motion for an extension of time and a renewed request for counsel.  The motion is granted in part and denied in part as follows.

Defendant emphasizes that his initial motion for a sentence correction was in fact a motion for appointed counsel to assist him with drafting a motion for a sentence correction.  He reasserts his request for counsel.  That request is denied.  There is no constitutional right to counsel beyond the direct appeal of a conviction.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Moreover, defendant's pro se motion for a sentence correction reflects that he is able to articulate his arguments clearly and coherently. Thus, the appointment of counsel at this point is

unnecessary.  If it appears that defendant may be entitled to relief in connection with his motion, or that certain factual or legal issues that might arise require the assistance of counsel, the court will consider a request for the appointment of counsel at that point.  *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991) (When exercising its "broad discretion" to decide whether to appoint counsel to an indigent litigant, the district court "should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.").  Moreover, there is no prejudice to defendant by waiting to see how the government responds to defendant's motion and, if the court deems it necessary at that juncture, the court will appoint counsel to assist defendant.

Defendant also asserts that he never received any documents between ECF Doc. 269 and ECF Doc. 279.  Aside from ECF Doc. 278, which was the government's request for an extension of time that the court granted, the remaining documents in that series relate to other defendants in this case and do not relate to defendant's case.  However, the court will direct the Clerk of the Court to resend a copy of the government's request for an extension of time for defendant's benefit.

Lastly, because it appears that defendant is not receiving his mail in a timely fashion, the court will extend his deadline to reply to the government's anticipated response to February 19, 2024.  If no reply is received, the court will seek confirmation from defendant that he has received the government's response before resolving the motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for an extension of time and renewed request for appointed counsel (doc. 282) is **granted in part and denied in part**.  Defendant's deadline to reply to the government's response is extended to February 19, 2024.  His request for appointed counsel is denied at this juncture.

**IT IS FURTHER ORDERED BY THE COURT THAT** the Clerk of the Court shall resend to defendant a copy of the government's motion for an extension for time (doc. 278).

**IT IS SO ORDERED.**

Dated this 3rd day of January, 2024, at Kansas City, Kansas.

s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge
