## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                      **Case No. 15-20042-04-JWL**

**Nicholas L. Thomas,**

      **Defendant.**

### MEMORANDUM AND ORDER

Defendant filed a pro se motion for a sentence correction and a request for counsel (doc. 269). In his motion, defendant seeks credit on his sentence for a state sentence that he had already served at the time his federal sentence commenced. According to defendant, the judge assigned to this case at the time of sentencing intended defendant to receive credit for the state sentence and ordered defendant's federal sentence to run concurrently with the state sentence when, in fact, the state sentence had already been completed. Defendant, then, requests a sentence modification consistent with what the judge and the parties intended at the time of sentencing. In the government's response, the government acknowledges that the sentencing judge, counsel for the government and counsel for defendant all mistakenly believed at the time of sentencing that defendant was still serving the state sentence and all agreed that he should get credit for that sentence such that the sentences should run concurrently. Toward that end, the judgment in this case reflects that defendant's sentence was to run concurrently with the state sentence that, in fact, had already been completed.

In light of the unique circumstances presented by defendant's motion, the court, in March 2024, granted that aspect of defendant's motion in which he requested the appointment of counsel to assist him with the motion. The court appointed the Office of the Federal Public Defender to assist defendant and, more specifically, to file a reply to the government's position that Federal Rule of Criminal Procedure 36 does not apply to the circumstances presented here. That reply brief has now been filed and counsel for defendant represents that the government, after further consultation, now agrees that, if the court finds sufficient evidence in the record that the intent of the sentencing judge was to run the sentence concurrent with the state sentence and would have granted a departure to do so, then the government does not oppose a sentence reduction of 21 months, for a controlling sentence of 120 months, the mandatory minimum sentence. As will be explained, the court concludes that the sentencing judge intended to run the federal sentence concurrent with the state sentence and would have granted a departure to do so. The court, then, grants the motion for sentence reduction.

**Background**

On September 30, 2015, the grand jury returned a Superseding Indictment in this drug trafficking case, which added defendant to the conspiracy to distribute methamphetamine. The conspiracy focused on the time from December 1, 2014 to April 23, 2015. On May 1, 2017, defendant pled guilty to Count 1 charging conspiracy to distribute or possess with intent to distribute 50 grams or more of methamphetamine.

A revised PSR was filed in this case on October 11, 2017. Doc. 149. The PSR calculated a base offense level of 36 along with a three-level reduction for acceptance of responsibility, for

2

a total offense level of 33. *Id.* ¶¶ 57, 64-66. Defendant's prior criminal convictions equated to 18 criminal history points, or a Criminal History Category VI. *Id.* at ¶ 85. The applicable guidelines range based upon those calculations was 235-293 months imprisonment. *Id.* ¶ 139.

The PSR attributed three criminal history points for a possession of methamphetamine conviction and noted that defendant was sentenced to 24 months imprisonment in October 2016. *Id.* ¶ 83. Defendant was serving this sentence at the time he was transferred to federal custody on a writ to resolve this federal case. On October 31, 2017, the court sentenced defendant to 141 months imprisonment to be served concurrently with Wyandotte County, Kansas District Court case number 2015CR820. *See* Doc. 152, Judgment at 2; Doc. 325 (Sentencing Transcript) at 22. It is undisputed that counsel for both parties and the sentencing judge were unaware that the state sentence had expired on September 8, 2017, prior to sentencing in this case. Because the state sentence had expired at the time of the sentence in this case, BOP would not credit defendant for any time spent in state custody.

The parties further agree that, because the state sentence had expired at the time of sentencing, defendant could receive credit for time spent in state custody only if the sentencing judge had imposed a departure under U.S.S.G. § 5K2.23, which provides for a departure to account for time served on an already completed sentence. Because of the parties' mistaken understanding of the status of the state sentence, the sentencing court's order running the federal sentence concurrent to the state sentence was ineffectual. Defendant served 24 months on the state sentence and, absent correction of the sentence, will serve 141 months consecutive on this federal sentence, for a total combined sentence of 165 months.

As defendant urges, however, there is ample evidence in the record demonstrating that the sentencing judge intended defendant to receive credit for the state sentence and, had the parties and the judge known that the sentence had expired, that the judge would have granted an additional downward departure to account for that time.   It is clear from a review of the sentencing transcript that the prosecutor in this case had numerous reasons for recommending a significant reduction from a Guidelines sentence and that the prosecutor wanted defendant to receive the additional benefit of having his federal sentence run concurrent to the state sentence so that defendant could receive that credit.   Doc. 325 at 8.   The prosecutor expressly indicated his belief that defendant had "several years left on his state sentence, that a year, two-year, something along that line that I would like to see him get credit for." *Id*. at 12-13. The prosecutor further explained that while the state and federal crimes were "separate," the "very lengthy" federal sentence "would encompass his prior criminal behavior" such that the federal sentence should run concurrent to the state sentence.   *Id*. at 13.   The transcript, then, clearly indicates that the prosecutor—who joined in the recommendation of defense counsel for a concurrent sentence—wanted concurrent sentences because he believed that a concurrent order would result in defendant serving a total of 141 months for both the state and federal crimes and that the sentence represented a reasonable punishment for the offenses in light of all the circumstances.

Defense counsel similarly believed that, if the sentences were ordered concurrent, defendant would receive up to 24 months credit on the federal sentence.   As explained by defense counsel at sentencing:

Mr. Thomas is asking that his sentence be run concurrent to the state time as [the prosecutor] indicated. Mr. Thomas was arrested in September of 2015 on the state charges. He was indicted on this charge around the same time, so if he was given—if his sentence were to run concurrent to his state time, it would be similar as if he had been brought here on indictment. [The] [i]ndictment was filed in September 2015, so I think it's only fair that he be given time for that time in state custody.

*Id*. at 13.

Ultimately, the court entered a concurrent order consistent with the request of both parties.  The court imposed a sentence of 141 months and ordered "that that sentence should be concurrent with Case Number 2015 CR 820 from Wyandotte County District Court case." Doc. 325 at 20; Doc. 152 (judgment).

Defendant now moves the court to correct his sentence under Federal Rule of Criminal Procedure 36 to conform his sentence to the term intended by the sentencing judge.

**Analysis**

Rule 36 states that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Under Rule 36, it is appropriate to issue a corrected judgment that will "conform the sentence to the term which the record indicates was intended." *United States v. Francisco*, 2004 WL 7337766, at *2 (D.N.M. May 24, 2004) (quoting *United States v. Rush*, 1992 WL 138620 at *2 (10th Cir. 1992)). Because the parties here have agreed that Rule 36 allows the court to issue the corrected judgment that defendant seeks so long as the court finds sufficient evidence of the intent of the sentencing judge, the court need not engage in an extensive analysis of the application of Rule 36.  The court does, however, agree with the parties

that Rule 36 is the appropriate procedural vehicle to provide the relief sought by defendant. *See United States v. Hill*, 1999 WL 176202 (10th Cir. 1999) (affirming district court's use of Rule 36 to adjust a sentence to a lesser length to give credit for time served on a relevant-conduct sentence, when the sentencing court originally intended the defendant to receive the credit but BOP subsequently did not or could not give the credit); *United States v. Burge*, No. 19-CR-40024-HLT, Doc. 40 (D. Kan. Sept. 28, 2023) (order granting correction of the sentence where BOP did not award defendant credit for time in state custody despite court's order that sentence run concurrent to state sentence with the result that defendant "will spend significantly more time in custody than the Court intended at sentencing"); *United States v. Seminara*, No. 19-CR-10164-JWB, Doc. 63 (D. Kan. July 13, 2021) (order granting correction of sentence under Rule 36 where court, at time of sentencing, did not realize that state sentence had already been discharged and intended defendant receive some credit on his federal sentence for time served on the state case and, had the court known that the state sentence had been discharged, would have granted a downward departure).

The court finds that a sentence correction is warranted here. Both defendant and the government requested concurrent sentences and, in doing so, told the sentencing judge that their intent, for a variety of reasons, was for defendant to receive credit for the state time. The court adopted the recommendation of the parties and imposed a concurrent sentence. Doc. 325 at 12-13, 20. Although the sentencing judge did not expressly state that he intended defendant to receive credit for time spent in state custody, it is clear that the sentencing judge, by ordering concurrent sentences, agreed with the parties' approach, understood the consequence of ordering concurrent sentences, and believed that a concurrent sentence reflected a reasonable punishment

for defendant's conduct.  In other words, the court believes that the sentencing judge imposed a 141-month sentence concurrent to the state sentence because he intended defendant to receive credit for most of the time he would serve on the state sentence as part of his assessment of an appropriate, reasonable overall sentence.  For this same reason, the court believes that if the parties and the court had understood that the state sentence had already expired, the parties would have asked for an additional downward departure and the court would have adjusted the federal sentence downward to account for the time spent in state custody.  Thus, because the court finds sufficient evidence in the record of the intent of the sentencing judge, the court will grant defendant's motion for a corrected sentence.  Specifically, the court will order that an amended judgment be issued in this case reflecting that the correct term of imprisonment is a term of 120 months (the mandatory minimum sentence) which will give defendant 21 months of credit for time he spent in state custody.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for a sentence correction (doc. 269) is **granted.**

**IT IS FURTHER ORDERED BY THE COURT THAT** an amended judgment be entered in this case, nunc pro tunc, reflecting that the correct term of imprisonment ordered by the court in this case is a term of 120 months. All other terms stated in the judgment entered November 6, 2017 remain the same.

**IT IS SO ORDERED.**

7

Dated this 9th day of May, 2024, at Kansas City, Kansas.


                                                s/John W. Lungstrum
                                       HON. JOHN W. LUNGSTRUM
                                       United States District Judge